◼ CARISTO CONSTRUCTION CORPORATION, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. (And Two Other Actions.) — In three consolidated actions to recover damages for breach of contract, defendant in action No. 1 appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 9, 1982, as granted plaintiff in action No. 1 Caristo Construction Corporation's motion for partial summary judgment. Order reversed insofar as appealed from, with one bill of costs, the second, fourth, fifth, seventh, eighth and ninth decretal paragraphs are deleted and plaintiff Caristo Construction Corporation's motion in action No. 1 for partial summary judgment is denied. Plaintiff in action No. 1, Caristo Construction Corporation (Caristo), sought partial summary judgment against the Board of Education of the City of New York (board) on the question of liability for a 13-month delay in the construction of New Boys High School in Brooklyn. The basis for the motion was the alleged collateral estoppel effect of a prior action by Crescent Electrical Installation Corporation

(Crescent) against the board in reference to the same project. In that case, the court made a finding of fact that the board was responsible for the 13-month delay from September 1, 1972 until October, 1973. Partial summary judgment should not have been granted. Caristo failed to demonstrate that it stood in the same position as Crescent vis-à-vis the board. In view of the different nature of Caristo's responsibilities, as general contractor, from Crescent's, as electrical contractor, the board could have been found liable for delays as to the latter, but not as to the former. Indeed, any possible liability of Caristo was not even litigated in *Crescent*. Consequently, collateral estoppel cannot form the basis of a partial summary judgment (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.23 *et seq.*). Caristo also failed to show that the finding of a 13-month delay was essential to the judgment in *Crescent*. In fact, the period from September 1, 1972 to May 24, 1973 was expressly excluded as the result of a prior action. Therefore, even had Caristo demonstrated that its position was identical to Crescent's, the doctrine of collateral estoppel could not have been used to determine liability for the period from September 1, 1972 until May 24, 1973 (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.28). Titone, J. P., Mangano, O'Connor and Niehoff, JJ., concur.